THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TERRY D. ELSPERMAN, Defendant-Appellee.
Fourth District   No. 4—91—0179

Opinion filed September 12, 1991.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Kenneth R.
Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate
Defender's Office, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1990, defendant, Terry D. Elsperman, was charged with aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(a)), obstructing justice (Ill. Rev. Stat. 1989, ch. 38, par. 31—4(a)), battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(1)), and resisting a peace officer (Ill. Rev. Stat. 1989, ch. 38, par. 31—1). The obstructing justice charge alleged that defendant, "with the intent to prevent the apprehension of Terry Elsperman, knowingly ran from, hid from and had to be chased on foot by Martin E. Andrews, a peace officer, thereby concealing the physical evidence of his person." In February 1991, defendant filed a motion to dismiss the obstructing justice charge. After a hearing on that motion, the court granted it in a written order entered in March 1991. The State appeals and we affirm.

■■ The statute in question, section 31—4 of the Criminal Code of 1961 (Code), reads as follows:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals or disguises physical evidence, plants false evidence, furnishes false information; or

(b) Induces a witness having knowledge material to the subject at issue to leave the State or conceal himself; or

(c) Possessing knowledge material to the subject at issue, he leaves the State or conceals himself.

(d) Sentence.

Obstructing justice is a Class 4 felony." Ill. Rev. Stat. 1989, ch. 38, par. 31—4.

In its order of dismissal, the court wrote that the State's theory of the case was that defendant "concealed his person," thereby concealing physical evidence relevant to his prosecution for aggravated battery. The State argued to the trial court that by concealing his person, defendant was allowing the passage of time to dissipate and eventually destroy the physical characteristics of alcohol on his breath, the color of his skin and eyes, his manner of walking, and the slurring of his speech. The State argued to the trial court that defendant's actions of running away and hiding from the arresting officer deprived the State of evidence pertaining to the degree of defendant's intoxication and, further, that defendant intended to obstruct his prosecution when he performed those acts.

Defendant argued, and the trial court agreed, that the person of the defendant is not "physical evidence" envisioned by the statute and that the proper charge for a person who hides from a law enforcement officer, prior to arrest, may be resisting or obstructing a peace officer (Ill. Rev. Stat. 1989, ch. 38, par. 31—1), a Class A misdemeanor—with which defendant was also charged—but is not obstructing justice (Ill. Rev. Stat. 1989, ch. 38, par. 31—4), a Class 4 felony.

■ The plain language of section 31—4(a) of the Code renders awkward at best any effort to include the person of the defendant within the term "physical evidence" that the defendant allegedly destroyed, altered, concealed, or disguised—those acts being the gravamen of the crime. However, any doubt about the legislature's intent *not* to include the person of the defendant within the meaning of section 31—4(a) of the Code is eliminated when one examines section 31—4(c) of the Code, wherein the statute directly refers to the defendant on trial for obstructing justice and provides that a person commits that offense when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, and while "[p]ossessing knowledge material to the subject at issue, he leaves the State or *conceals himself.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 31—4(c).) If the legislature had intended section 31—4(a) of the Code to have the meaning which the State now argues, it would read as follows: "A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly *** destroys, alters, conceals or disguises physical evidence, *conceals himself*, plants false evidence, [or] furnishes false information."

In *People v. Ivy* (1987), 166 Ill. App. 3d 266, 269, 519 N.E.2d 988, 990, the case closest on point, the court wrote the following: "The essence of the crime [of obstructing justice] is destruction or concealment of evidence relating to a criminal investigation or prosecution." Our construction of section 31—4(a) of the Code is consistent with the holding in *Ivy*.

■ We also agree with defendant's argument that the legislature intended section 31—1 of the Code (resisting or obstructing a peace officer) to apply to those instances in which a police officer attempts to make an arrest but the suspect runs away. (Ill. Rev. Stat. 1989, ch. 38, par. 31—1.) Furthermore, if a police officer has succeeded in making an arrest and the suspect then escapes from police custody, that criminal conduct is covered by section 31—6 of

the Code (Ill. Rev. Stat. 1989, ch. 38, par. 31—6), defining the offense of escape.

For the reasons stated, the judgment of the circuit court dismissing count II of the information, which charged defendant with obstructing justice, is affirmed.

Affirmed.

LUND, P.J., and McCULLOUGH, J., concur.